**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2669
_____

FABRICIO CORREA DE OLIVEIRA,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200 023 667)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2012
Before:  SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: January 4, 2013 )
_____

OPINION
_____

PER CURIAM

Fabricio Correa De Oliveira ("Petitioner") petitions for review of an order of the

Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration

Judge's ("IJ") denial of his motion to reopen an in absentia removal order.  We will deny

the petition for review.

Petitioner, a native and citizen of Brazil, entered the United States through Texas in June 2005. He was immediately arrested and detained, and he was personally served with a Notice to Appear ("NTA") charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1182(a)(6)(A)(i)], as an alien present in the United States without being admitted or paroled. The NTA, which ordered him to appear before an IJ in Philadelphia at a date and time to be set, indicates that he was "provided oral notice in the PORTUGUESE language of the time and place of his . . . hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act." A.R. 211. The "Record of Deportable/Inadmissible Alien," Form I-213, indicates that "ALL pertinent forms were translated in the Portuguese Language by SPA Carlos Lopez." A.R. 207. A continuation page specifically notes:

> Subject was advised of the EIOR-33 requirements to provide a valid address or change of address and telephone number within five days of acquiring or moving so that notification of hearing or other correspondence is mailed to the address provided by him. Failure to comply with this requirement or report for his upcoming immigration hearing, which is to be set in Philadelphia, PA, may result in his deportation in absentia. Subject stated that he understood everything that was explained to him.

A.R. 208. Petitioner was then released on his own recognizance due to lack of camp space.

In July 2005, a notice for a December 5, 2005 master calendar hearing was sent to Petitioner at 27 Edmonds Drive, Royersford, PA 19468, the address he provided to the immigration officers. The notice, however, was returned, with the envelope marked,

"Refused Return to Sender." Petitioner did not appear at the December 5, 2005 hearing, and an IJ ordered him removed in absentia.

In April 2010, Petitioner retained counsel and filed a motion to reopen. In his motion, he argued that the in absentia order should be rescinded because he never received notice of his hearing. He explained that he never resided at the address he provided to the immigration officers, as the address was given to him by smugglers who instructed him to use the address in the event he was arrested. He also claimed that the immigration officers spoke to him in Spanish, a language he was not fluent in at that time, and therefore he was not aware of his obligation to provide a valid address or change of address under INA § 239(a)(1)(F) [8 U.S.C. § 1229(a)(1)(F)]. Additionally, he argued that the IJ should sua sponte reopen his case because he was prima facie eligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his sexual orientation and political opinion.

The IJ denied the motion to reopen, summarily adopting the Government's brief without an opinion. In July 2010, the BIA remanded the case to the IJ for further fact-finding, to address whether Petitioner had presented sufficient evidence to overcome the presumption of delivery, and to consider additional documentation submitted on appeal. The IJ again denied the motion to reopen. The IJ determined that Petitioner failed to inform the Court of his new address as required under INA § 239(a)(1)(F) and therefore the Court was not required to provide him with notice of the 2005 hearing. INA § 240(b)(5)(B) [8 U.S.C. § 1229a(b)(5)(B)]. Additionally, the IJ declined to exercise her

3

sua sponte authority to reopen the proceedings because she determined that Petitioner failed to establish prima facie eligibility for relief.

Petitioner appealed, arguing that he did not receive notice of the hearing date because the NTA did not specify a date and time for the hearing; he was not adequately informed of his duty to notify the Court of any change of address because the obligation was explained to him in Spanish; the IJ incorrectly focused her analysis on whether the Government provided adequate notice; and the IJ abused her discretion in declining to exercise sua sponte authority because he was prima facie eligible for relief.

The BIA dismissed the appeal. The Board concluded that Petitioner received constructive notice of the 2005 hearing because the record contains proof of attempted delivery. Additionally, the Board determined that he was fully advised of his responsibility to notify the immigration authorities of any change in address. Because he did not fulfill this requirement, the Board also concluded that notice of the 2005 hearing was not required. Petitioner then filed a counseled petition for review.

We review the Board's denial of a motion to reopen for abuse of discretion. Zheng v. Att'y Gen., 549 F.3d 260, 264-65 (3d Cir. 2008). Thus, the Board's decision will not be disturbed unless it is arbitrary, irrational, or contrary to the law. Id. We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 266 (internal quotation and citation omitted).

4

Substantial evidence supports the BIA's factual determination that Petitioner was properly advised of the charges against him, his obligations to provide the Government with his address or change of address and to attend the removal hearing, and the consequences for failing to fulfill the obligations. As noted, the NTA and I-213 form in the record indicate that Petitioner was given notice, in Portuguese, that he was being placed in removal proceedings, that he must provide a valid address or change of address for correspondence regarding the removal proceedings, and what the consequences would be for failing to comply. A.R. 206-08.

Petitioner's argument that he did not receive written notice of the 2005 hearing also fails. An order to remove in absentia may be rescinded upon a motion to reopen if the alien demonstrates that he did not receive proper notice. INA § 240(b)(5)(C)(ii) [8 U.S.C. § 1229a(b)(5)(C)(ii)]. Regular mail that is properly sent to the last address provided by the alien is presumed to be received. Santana Gonzalez v. Att'y Gen., 506 F.3d 274, 278 (3d Cir. 2007). An alien may rebut this presumption by producing sufficient contrary evidence, such as a sworn affidavit supported by circumstantial evidence corroborating the claim of non-receipt. Ramos-Olivieri v. Att'y Gen., 624 F.3d 622, 625 (3d Cir. 2010). However, the failure to receive notice of a removal hearing as a result of the alien's neglect to keep the immigration authorities informed of his current address does not entitle him to rescission. Id. Petitioner does not contest that he failed to fulfill his obligation to provide a valid address or report a change in address. Instead, he argues that he was never aware of this obligation, an argument the BIA properly rejected.

5

<u>See</u> <u>supra</u>.  As Petitioner did not fulfill his obligation, the BIA did not abuse its discretion

in rejecting the claim of non-receipt.[1]

     For the foregoing reasons, we will deny the petition for review.

---

[1] The Court lacks jurisdiction to review Petitioner's claim that the hearing notice was not addressed to the proper name, as he did not present this claim to the IJ or BIA in the first instance.  <u>See</u> INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  In any event, even if the notice had been addressed with what Petitioner considers a correct name, Petitioner contends that he never lived at the Royersford address, so his failure to receive the notice is still due to his failure to inform the immigration court of his correct address.